IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **CALVIN RIEDEL, et al.** | |
| **Plaintiffs,** | |
| vs. | **NO. 4-07-CV-00304 GTE** |
| **XTO ENERGY INC.** | |
| **Defendant.** | |

## PROTECTIVE ORDER

WHEREAS, the parties to this action have served, or may serve, interrogatories, requests for production of certain documents and tangible things, and notices of depositions, subpoenas and requests for admissions, the responses to which the respective attorneys contend will call for the disclosure of Confidential Information, as defined below; and

WHEREAS, the parties to this action, by and through their respective counsel, may agree to produce such Information, subject to the terms and provisions of this Protective Order;

IT IS on this 5th day of March, 2008 hereby ORDERED that:

A.  Definitions

1.  The term "Information" as used in this Protective Order shall mean and refer to all or part of: (a) discovery responses and other written Information; (b) testimony and other oral statements, transcripts or recordings thereof, including exhibits thereto; (c) documents and things produced; (d) any other form or format in which discovery or disclosure is made in these actions, whether in writing, on electronic, magnetic and/or digital media or otherwise; (e) copies, excerpts, extracts and summaries of any of the foregoing; and (f) any Information contained in any of the foregoing.

2. The terms "Confidential Information" or "Confidential" are defined herein to mean Information that contains private financial, personal or proprietary Information about XTO Energy Inc. ("XTO") and/or its officers, employees, agents and/or working interest owners, royalty owners, other interest owners or contractual third-parties, which would be entitled to protection as confidential information under Arkansas or Federal law, the disclosure of which may prejudice the interests of XTO, its employees, agents or any other party hereto or any third party.

3. The term "XTO" as used herein shall include XTO Energy Inc. and its predecessors, successors, subsidiaries, corporate affiliates, successors in interest and assigns, together with the respective past, present and future officers, directors, agents, representatives and consultants of any or all of them.

B. Designation of Confidential Information

1. Any party hereto claiming in good faith that any Information is Confidential shall be required to designate those materials which are considered to be Confidential and covered by this Protective Order in writing or on the stenographic record to the other party and its attorneys at or prior to the time of disclosure of any such materials or Information. Any document, CD, response, pleading, or interrogatory answer which a party in good faith believes ought to be covered by this Protective Order and which is delivered to the opposing party shall be stamped "CONFIDENTIAL" by the originating party on or before the time of delivery. As to deposition testimony, such designation shall be made on the record at the time of the deposition or in writing within 30 days after the testimony is transcribed and delivered to the parties.

2. This Protective Order shall be without prejudice to either party bringing before the Court at any time the question whether any particular Information is or is not Confidential as defined in this Protective Order. If a party challenges, in writing, the designation of a document as Confidential, the party asserting its confidentiality shall have ten (10) days from receipt of the written challenge in which to file for judicial approval of the designation. Documents designated as Confidential will be treated as Confidential until the Court rules that the document is not Confidential.

C. Use of Confidential Information.

Information designated as Confidential shall be kept strictly confidential and shall not be disclosed, disseminated, discussed or otherwise published in whole or in part, directly or indirectly, by any manner, method or means whatsoever to any person, firm or entity except as provided herein. No Confidential Information produced or disclosed in this action may be used by any person, firm or entity for any purpose whatsoever except in connection with the prosecution, defense or settlement of this action.

D. Filing of Confidential Information

All transcripts, depositions, exhibits, interrogatory answers, pleadings, and other documents which are filed with the Court in this action which have been designated as Confidential, and all pleadings, briefs and memoranda purporting to produce or paraphrase such Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and words in substantially the following form.:

> "This envelope contains documents which are filed
> in this case by [name of party] and, by Order of this

> Court, shall not be opened nor the contents hereof be displayed or revealed except by further order of the Court."

E. <u>Use of Confidential Information at Public Trials or Hearings</u>

In the event that any party hereto intends to use any Confidential Information in any public trial or hearing in this action or any appeal therefrom, the party proposing to use said Information shall give adequate notice to the producing party to permit the producing party an opportunity to seek appropriate protection from the Court.

F. <u>Disclosure of Confidential Information</u>

1. The disclosure of Confidential Information shall be limited to:

   a. The attorneys for the parties herein, including in-house counsel, and such other attorneys who shall enter an appearance in this action;

   b. Secretaries, paralegals, legal assistants, and other personnel regularly employed by attorneys in this action;

   c. Any former, present or future director, officer or employee of the requesting or producing party or its liability insurance carriers in this action to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

   d. Witnesses and consultants, including investigators and experts, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action and subject to the requirements of paragraph F.3. hereof; and

   e. Stenographic court reporters or anyone else involved in the memorialization or transcription of testimony in this action

   f. the Court in this action; and

   g. any other individuals to whom the parties agree to disclose information in writing or to whom the Court requires the disclosure.

2. The persons identified in paragraph F.1. shall be prohibited from disclosing any Confidential Information except as provided herein, or except as otherwise agreed

upon by the party producing the Confidential Information, or except as permitted by order of this Court or as ordered by any other court or as required by a subpoena; provided, however, that a party who intends to produce any of the Confidential Information in response to an Order of Court or subpoena shall, prior to producing such Information, give all other parties to this Protective Order such notice as is reasonably practicable of the intention to do so. If a protective order cannot be obtained and a recipient of Confidential Information is compelled by a court order to disclose it, that person or entity may disclose only such portion of such Information that is required to be disclosed.

3. Confidential Information may be disclosed to such individuals, including witnesses, consultants, and experts, as may be deemed necessary by any party to assist in the prosecution or defense of this case, provided that, prior to disclosure of the Confidential Information, such persons shall be required to read a copy of this Protective Order and such person shall be subject to the terms and conditions of this Protective Order and shall not use any of the Confidential Information for any purpose other than the prosecution or defense of this case including, without limitation, advising or providing services to any business competitors of XTO. The party making the disclosure of the Confidential Information to such persons shall be responsible for assuring compliance with this provision.

4. Nothing contained herein shall prevent any party from disclosing Confidential Information to any witness during a deposition. However, unless a deposition witness has complied with paragraph F.3. of this Order, no deposition witness may review or retain any Confidential Information before or after the deposition.

G. <u>Inadvertent Production</u>

1. Any party or non-party may request the return of any inadvertently produced document, including, but not limited to, any document the party or non-party claims is covered by the attorney-client or work product privilege. Any such inadvertent production will not be considered to have waived any claim of privilege or protection from discovery. A request for the return of an inadvertently produced document shall identify the document inadvertently produced and the basis for withholding such document from production. Upon receipt of such a request, each party who received the document shall return, sequester, or destroy the specified document. A receiving party may promptly present the specified document to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved. Unless the claim is overruled by the court, the party who received the inadvertently produced document shall not disseminate it to any person, firm or entity; utilize the contents of the document; raise the document before the Court or jury; or otherwise act to compromise the privileged nature of the document in this or any other litigation.

2. Any request for the return of an inadvertently produced document shall be made within the following time periods: (a) for documents that have been marked as an exhibit at a deposition or attached as an exhibit to a motion or brief in this case, within fifteen (15) days of the date of the marking of the deposition exhibit or of the date on which the requesting party was served with such motion or brief; or (b) for documents that have not been marked as an exhibit, within thirty (30) days of discovery, but no later than thirty (30) days before trial.

3. Any dispute concerning the timeliness of the request or the timeliness of the return of the inadvertently produced document may be resolved by the filing of an

appropriate motion with the Court. Until the Court has resolved any such motion, no party in possession of any document that is the subject of the dispute shall disseminate or use the document for any purpose.

H. <u>General Provisions</u>

1. A party shall be allowed to designate Information produced by any other party or entity as Confidential at a later date, at which time the provisions of this Order shall apply to such Information.

2. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any Information or documents for lack of timeliness or relevance or materiality, or as a privileged communication, or as work product of counsel, or as not calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Information.

3. Upon final termination of this action, the parties and any other person subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Information marked "Confidential" and all copies, summaries and abstracts thereof to the extent they disclose such Confidential Information, and to return or destroy all other material, memoranda or documents embodying such Confidential Information; providing, however, that counsel of record for the parties may retain all pleadings and other materials constituting work product including all documents filed with the Court. All persons and entities to whom Confidential Information is disclosed pursuant to the terms of this Order shall certify within 30 days of the termination of this action that they have complied with this paragraph.

4. Upon the request of any Party, and with proper notice to any opposing party, the Court may modify or amend this Order.

5.  It is contemplated by this Protective Order that the Information covered by this Order shall be treated as Confidential even after the resolution of this action. The United States District Court for the Eastern District of Arkansas, Western Division, shall retain jurisdiction to enforce this Protective Order.

IT IS SO ORDERED on this 5th day of March, 2008.

_____
HONORABLE JUDGE G. THOMAS EISELE

APPROVED:

_____
Warren P. Young (OK Sup. Ct. No. 99-73)
Stephanie M.L. Bowden (AR 89-221)
Young Law Firm, Inc.
415 South Boston, Suite 510
Tulsa, Oklahoma 74103
Telephone: (918) 585-8158
Facsimile: (918) 585-9813

and

Thomas P. Thrash (AR 80147)
Thrash Law Firm
1101 Garland Street
Little Rock, AR 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222

*Attorneys for Plaintiffs*

/s/ Mark Banner

Mark Banner, OBA #13243
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 South Boston Avenue, Suite 400
Tulsa, OK 74103-3708
Telephone (918) 594-0400
Facsimile (918) 594-0505
Email: mbanner@hallestill.com

and

Todd L. Newton
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C. – LR
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201
Telephone: (501) 688-8881
Facsimile: (501) 918-7881
Email: tnewton@mwsgw.com

*Attorneys for Defendant*